UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA

                                            1:11-cr-00022-JD

V.

JOSE REYES

### MEMORANDUM IN SUPPORT OF ACCUSED'S MOTION TO SUPRESS IMPERMISSIBLY SUGGESTIVE AND UNRELIABLE OUT OF COURT IDENTIFICATION

      NOW COMES the accused, Jose Reyes, by and through his attorney, and hereby moves this Court to suppress Laurie Bohan's out of court identification, as well as any in court identification based on it, because the procedure was impermissibly suggestive and the identification unreliable.

### BACKGROUND

1. The accused, Jose Reyes, was arrested on April 28, 2010 after the police searched the apartment he was staying in. He was later released on bail. A Grand Jury indicted the accused for various drug charges based on the events of April 28th.

2. Ms. Laurie Bohan was arrested for probation violation on October 13, 2010. On November 15, 2010, Bohan gave a proffer at United States District Court in Concord, New Hampshire. She stated she wanted to give information in order to get back into a treatment program. At that time she described "Tony" as a 50 year old light skinned Puerto Rican male, who was about 5' 11" and bald with a heavy build. During that interview, Detective Beland, of the Manchester Police Department, produced a booking photo of the accused, who Bohan identified as "Tony," her source for cocaine and oxycontin.

3. In her proffer, Bohan stated that she saw "Tony" several times. First she described seeing him speak with her boyfriend, Kurt Coriaty, in March or April of 2010. She stated "Tony" was arrested in April but came to her apartment two weeks later to give Coriaty

his new phone number. When Coriaty was arrested in June he told Bohan to call "Tony" to put money in his canteen. She described "Tony" coming to her apartment the next day, using one of her rooms and leaving money for the canteen. She further stated he came back a few days later to use her room again.

## LEGAL ARGUEMENT

4. A Due Process violation can occur when the trial court allows an impermissibly suggestive identification into evidence. Rivera-Rivera, 555 F.3d 277, 282 (1st Cir. 2009)(internal citation omitted). The court should suppress this evidence if there is a very substantial likelihood of irreparable misidentification. Id. The trial court uses a two part process to determine if this situation has occurred. Id. at 283. The court must determine if "an impermissibly suggestive identification procedure was used and, if so, whether the identification was nonetheless reliable under the totality of the circumstances." Id. This analysis applies to both the out of court identification and any in court identification it tainted. United States v. De Leon-Quinones, 588 F.3d 748, 754 (1st Cir. 2009).

5. When determining if a questionable identification procedure is impermissibly suggestive, the court should consider two elements, whether the procedure was suggestive and whether there was a good reason for not using a less suggestive one. United States v. Holliday, 457 F.3d 121, 125 (1st Cir. 2006)(internal quotation omitted). When the identification procedure involves a photo array, the court determines suggestiveness by reviewing the array to see if a reasonable number of persons who look similar to the suspect were included. Id. at 126. Ms. Bohan's identification of the accused as "Tony" was suggestive. Detective Beland showed her only one photo, the booking photo of the accused, in an attempt to identify "Tony." The Supreme Court has recognized that there is a larger danger of incorrect identification when the police show only one photo to a witness. Simmons v. United States, 390 U.S. 377, 383 (1972). This Circuit has stated that single photo identifications, "present so serious a danger of suggestiveness as to require that they be given extremely careful scrutiny." Nassar v. Vinzant, 519 F.2d 798, 801 (1st Cir. 1975). Other circuits have indicated that using only one photo for identification is generally suggestive. *See,* Mysholowsky v. New York, 535 F.2d 197

(2nd Cir. 1976); United States v. Sanchez, 988 F.2d 1384, 1389 (5th Cir. 1993); Carter v. Bell, 218 F.3d 581, 6-5 (6th Cir. 1972).  Therefore the single photo procedure used to assist Bohan in identifying "Tony" was suggestive.

6. There was also no good reason for not using a less suggestive procedure to have Ms. Bohan identify "Tony."  She was already in custody and willing to assist the police so there was no need use an inferior procedure in order to get the identification.  The trial court can uphold a suggestive procedure if the police were under "severe constraints" when using it, such as when a serious felony has been committed and the suspect is still at large, especially shortly after the crime. United States v. Maguire, 918 F.2d 254, 264 (1st Cir. 1994).  These severe constraints did not occur here.  The identification took place months after the accused's arrest, when there was no active threat to the public which would have prevented the police from taking the time to arrange a proper photo array.  In fact, the police had gathered an array for another identification of the accused only a few months earlier, the day after his April 2010 arrest.  These facts indicate the police did not have a good reason to fail to use a less suggestive procedure.  That fact, combined with the suggestive nature of the identification procedure, shows that the procedure the police used to gather Bohan's identification of the accused was impermissibly suggestive.

7. After the trial court finds an identification procedure to be impermissibly suggestive, it must determine whether the resulting identification was otherwise reliable under the totality of the circumstances. Rivera-Rivera, 555 F.3d at 283.  The trial court only needs to determine reliability when the identification resulted from unnecessarily suggestive police conduct. Perry v. New Hampshire, 132 S. Ct. 716, 730 (2012).  Here, the police detective unnecessarily used one photo when he could have created an array, as explained above.  Therefore a reliability determination is necessary in this case.  This Circuit has repeatedly stated that there are five factors in determining if a suggestive identification is reliable.  Those factors are, opportunity of the witness to see the defendant at the time of the crime, the witness's degree of attention, the accuracy of the prior description, the certainty of the witness when making the identification and the length of time between the crime and the identification. United States v. Henderson, 320 F3d 92, 100 (1st Cir. 2003); *see also* Neil v. Biggers, 409 U.S. 188, 199-200 (1972).

8. These factors indicate that Bohan's identification was unreliable and should be suppressed. Ms. Bohan had several opportunities to view the accused. However, in some of those opportunities there was no crime involved. Twice the accused was speaking with her boyfriend. The first time she had no idea what the conversation was about. The second time the accused gave Coriaty his new phone number, allegedly to allow discussion about illegal drug transactions. Neither interaction was lengthy. The other two encounters were at her apartment. In the first, the accused dropped by to give her money for her boyfriend's canteen and to use her room. During the second encounter, he again used her room and allegedly gave her a contact for drugs. Only two of the situations could be considered "at the time of the crime" as required in the factor, and all seem to be short in duration. Therefore, Bohan did not have a good opportunity to reliably view the accused, supporting a holding that the identification was unreliable and should be suppressed.

9. This fact is especially true when combined with the second factor, the degree of attention of the witness. This Circuit has indicated that a victim of a crime is likely to pay a higher degree of attention than an accidental witness, who might be distracted. <u>United States v. DeCologero</u>, 530 F.3d 36, 63 (1st Cir. 2008). Bohan was an accidental witness to two of her four brief viewings, the visits to her boyfriend. There is no evidence that she was paying close attention in any of the viewings. None of the interactions seem to involve an unusual situation that might merit a high degree of attention. This Circuit has indicated that the witness's description of the suspect can prove that he or she had a high degree of attention. <u>Henderson</u>, 320 F3d at 100. There, this Circuit approved a description which detailed the suspect's clothing as demonstrating a high degree of attention. <u>Id.</u> Bohan did not give a detailed description; she only gave the accused's skin tone, age, height, build and baldness. She gave even less detail about his the other person he brought toher apartment. The lack of detailed description, combined with the fact that she was a witness not a victim, indicates Bohan's degree of attention was not good, supporting a holding that the identification was unreliable and should be suppressed.

10. The last three factors also favor suppression. The accuracy of the description, factor three, seemed fairly accurate, the accused is a bald Hispanic male. However, Ms, Bohan's description did not mention a mustache, which he had at his April arrest. This

discrepancy, especially when considered in combination with the general nature of description, favors a holding that the identification was unreliable and should be suppressed. The fourth factor, certainty of the identification, favors suppression. Bohan stated that the booking photo was of "Tony," but there is no indication in the record that she expressed any level of certainty in her identification. This lack of certainty suggests the identification was unreliable and should be suppressed. The last factor, length of time, also favors suppression. The last time that Bohan saw the accused was approximately five months before the identification. This is a significant amount of time to expect a witness to remember the face of a person who she met briefly and had no real reason to remember. Since these factors all favor a holding that the identification was unreliable, and the police procedure of only using a single photo was impermissibly suggestive, both Ms. Bohan's out of court identification of the accused and any in court identification tainted by it should be suppressed to prevent a violation of his Due Process rights.

WEREFORE, the accused respectfully requests this Court do the following:
1. suppress Ms. Bohan's out court identification
2. suppress any in court identification tainted by it
3. take any further action this Court deems necessary

                                                      Respectfully submitted,
                                                      Jose Reyes,
                                                      By his Attorney.

Date:        April 27, 2012                  __/S/Paul J. Garrity_____
                                                        Paul J. Garrity
                                                        14 Londonderry Road
                                                        Londonderry, NH 03053
                                                       603-434-4106
                                                       Bar No. 905

C

CERTIFICATE OF SERVICE

I, Paul J. Garrity, herein certify that on 27th day of April, 2012, a copy of the within Motion was e filed to Attorney Terry Ollila of the U.S. Attorney's Office.

    /S/Paul J. Garrity