**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:11-cr-22-01-JD |
| ) | |
| JOSE REYES ) | |
| ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION**
**TO SUPPRESS IDENTIFICATION**

NOW COMES the United States of America, by and through John P. Kacavas, United States Attorney for the District of New Hampshire, and his assistant, Terry L. Ollila, Assistant United States Attorney, and hereby responds to defendant's motion to suppress an out-of-court identification.

## I. INTRODUCTION

### A. Procedural Background

On February 15, 2011, a federal grand jury returned a seven (7) count Indictment against defendant Jose Reyes ("defendant Reyes").  See Indictment.  The Indictment charged Reyes with: (1) engaging in a conspiracy from March, 2010, through October, 2010, to distribute, and possess with intent to distribute, cocaine and oxycodone (Count One), in violation of Title 21, United States Code, Sections 841(a)(1) and 846; (2) distribution of cocaine (Counts Two, Three, and Six), in violation of Title 21, United States Code, Section 841(a)(1); and (3) aiding and abetting the distribution of cocaine (Counts Four, Five, and Seven), in violation of Title 21, United States Code, Section 841(a)(1).  Id.  A Superseding Indictment was returned by a federal grand jury on March 7, 2012.  The Superseding Indictment was altered to reflect a conspiracy time-frame of June, 2005, through March, 2011.  See Superseding Indictment.

Trial is scheduled to commence on June 19, 2012.

**B.     Defendant's Motion**

On April 27, 2012, defendant Reyes filed a motion to suppress an out of court identification made by a potential government witness, Laurie Bohan ("Bohan").   See Motion To Suppress Impermissibly Suggestive and Unreliable Out of Court Identification.    Bohan and four (4) other co-conspirators have been identified by the United States as possible government witnesses at trial.   Bohan, like the four (4) additional co-conspirators, engaged in an extensive debriefing with the United States.   During the debriefing, Bohan outlined her involvement with defendant Reyes in the distribution of cocaine and oxycodone for an extensive period of time.  Bohan identified defendant Reyes by viewing an unmarked, single photograph, provided to her by law enforcement.  However, because Bohan has significant impeachment issues involving past conduct, the United States does not intend to utilize has as a witness.   Therefore, although the identification procedure utilized by law enforcement during the course of Bohan's debriefing was proper, defendant's motion to suppress is moot because Bohan will not testify for the United States' during trial.

**II.    LAW**

The Supreme Court established a two-pronged inquiry for evaluating the constitutional permissibility of in-court identification testimony based upon out-of-court identification procedures.  The inquiry "requires a determination of whether the identification process was impermissibly suggestive and, if so, whether it was so suggestive as to raise `a very substantial likelihood of irreparable misidentification.'"  Neil v. Biggers, 409 U.S. 188, 198 (1972).  See also Manson v. Brathwaite, 432 U.S. 98, 114 (1977).   If pre-trial procedures have been deemed unduly suggestive, a court may nevertheless admit in-court identification testimony if the court

determines the testimony to be independently reliable.  Manson v. Brathwaite, 432 U.S. at 114;[1] United States v. Henderson, 320 F.3d 92, 100 (1st Cir. 2003) ("Before excluding identification evidence, the court must be persuaded that there was a very substantial likelihood of irreparable misidentification.  A court must also be mindful that it is only in extraordinary cases that identification evidence should be withheld from the jury.")  (quoting United States v. de Jesus-Rios, 990 F.2d 672, 677 (1st Cir. 1993)).

The reliability of the identification must be considered in light of "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of [the witness'] prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation."  Id. at 114.  For pre-trial and in-court identifications, the linchpin of admissibility is reliability.  Manson v. Brathwaite, 432 U.S. at 106 n. 9.  If impermissibly suggestive procedures are not employed, independent reliability is not a constitutionally required condition of admissibility, and the reliability of the identification is simply a question for the jury.

Like the Supreme Court, the First Circuit has enunciated a two-pronged test to determine whether identification evidence based upon impermissibly suggestive photo identification should be excluded at trial.  United States v. Lopez-Lopez, 282 F.3d 1, 10 (1st Cir. 2002); United States v. Maguire, 918 F.2d 254, 263 (1st Cir. 1990), citing Simmons v. United States, 390 U.S. 377 (1968).  The first prong involves a determination of whether the identification procedure was impermissibly suggestive.  If it was not, the court need proceed no further in its inquiry.  Lopez-Lopez, 282 F.3d at 10.  If the first prong is satisfied - that the identification procedure was

---

[1] Courts are required to decide identification issues based on the "totality of the circumstances." Neil v. Biggers, 409 U.S. 188, 199 (1972).

deemed to be impermissibly suggestive - the Court is required to "decide whether the identification itself was reliable under the totality of the circumstances, notwithstanding the suggestive procedure." United States v. Watson, 76 F.3d 4, 6 (1st Cir. 1996).

"The second prong of Simmons, invoked only when [the identification procedure] has been deemed impermissibly suggestive, measures the reliability of the identification based on the totality of circumstances according to the five-point index delineated in Neil v. Biggers, 409 U.S. 188, 199-200 (1972) (witness's opportunity to view the suspect, degree of attention, accuracy of prior description, level of certainty, and time lapse between crime and identification)." United States v. Maguire, 918 F.2d 254, 263 (1st Cir. 1990), citing Manson v. Brathwaite, 432 U.S. 98, 114 (1977).

Cases which address the suggestiveness of pre-trial identification procedures universally involve witnesses who have dealt with or observed an **unknown** individual and, therefore, utilize the pre-trial identification procedure in order to obtain the identity of the **unknown** individual. Indeed, in Manson v. Brathwaite, 432 U.S. 98, 114 (1977), the undercover police officer, Jimmy D. Glover, purchased a quantity of narcotics from an individual whose identity, at the time of the transaction, was **unknown** to Glover.[2] After Officer Glover returned to his office, he described the **unknown** individual to another police officer who, suspecting defendant Brathwaite, left a single photograph of Brathwaite on Glover's desk. Glover, in turn, observed the single photograph and identified it as defendant Brathwaite. Id. at 101. The Supreme Court upheld the identification, finding no fault with Officer Glover's single photographic identification.

---

[2] In fact, Jimmy D. Glover, the undercover police officer in Manson, went to an apartment building in Hartford, Connecticut for the express purpose of purchasing narcotics from "Dickie Boy" Cicero. See Manson v. Brathwaite, 432 U.S. 98, 100 (1977). While at the apartment, Officer Glover knocked on the apartment door of someone other than "Dickie Boy" Cicero and purchased narcotics from someone other than "Dickie Boy" Cicero. Id. at 100 n. 2.

4

Here, unlike in Brathwaite, Laurie Bohan had substantial prior contact with defendant Reyes prior to identifying him through an unmarked, single photograph.  Bohan met defendant Reyes in March, 2010, through her boyfriend, Kurt Coriaty ("Coriaty").  At the time, Coriaty was obtaining cocaine and oxycodone from defendant Reyes and his associates, "Peter" and "Johnny."  Bohan was frequently present when defendant Reyes transported controlled substances to Coriaty and even drove Coriaty to meet with Reyes at one of his distribution points.

When Coriaty was arrested in June, 2010, by members of the United States Probation Office, District of New Hampshire, for violating the terms of his supervised release, Bohan took over his cocaine and oxycodone distribution activities.  In order to obtain cocaine and oxycodone for distribution, Bohan, like Coriaty before her, had frequent contact with defendant Reyes and his associates.  Indeed, defendant Reyes rented a room at Bohan's residence in order to have sexual encounters with a girlfriend.  Thus, Bohan was familiar with defendant Reyes and had innumerable personal contact with him.

Prior to being shown a single photograph of defendant Reyes on November 15, 2010 (the date of Bohan's debriefing by law enforcement), Bohan provided a highly accurate physical description of Reyes, including that he is a Hispanic male, approximately 50 years old, 5'11", with a heavy build and a bald head.  Law enforcement records confirm that as of the date of Bohan's debriefing (November, 2010), defendant Reyes was 50 years old.  In addition, law enforcement records establish, consistent with Bohan's description, that defendant Reyes is a Hispanic male, 5'11", 230 pounds, with a shaved (bald) head.

When Bohan was shown a single photograph of defendant Reyes, she immediately identified the individual in the photograph as defendant Reyes because she knew him. United

5

States v. Flores-Rivera, 56 F.3d 319, 331 (1st Cir. 1995) (seven year gap between crime and identification permissible).   Accordingly, because defendant Reyes was well known to Laurie Bohan, showing her unmarked and unidentified photographs was not suggestive at all.  United States v. Maguire, 918 F.2d 254, 263-64 (1st Cir. 1990) (the suggestiveness of an identification procedure is a proper subject of cross-examination and the jury is competent to weigh intelligently questionable identification testimony).   Nevertheless, because the United States will not call Bohan as a witness at trial, the identification issue is moot.

### III. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny defendant Reyes' motion to suppress Bohan's in-court identification as moot.

Respectfully submitted,

JOHN P. KACAVAS
United States Attorney

By: /s/ Terry L. Ollila
Terry L. Ollila
Assistant U.S. Attorney

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent, this date, May 14, 2012, to Paul Garrity, Esquire, counsel for defendant Reyes.

/s/ Terry L. Ollila
Terry L. Ollila
Assistant U.S. Attorney