**NO COPY OF THIS TRANSCRIPT MAY BE MADE PRIOR TO 9/17/12

```
                 UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW HAMPSHIRE



* * * * * * * * * * * * * * * * *
                                *
UNITED STATES OF AMERICA        *
                                *   11-cr-22-01-JD
            v.                  *   June 8, 2012
                                *   9:50 a.m.
JOSE REYES                      *
                                *
* * * * * * * * * * * * * * * * *




                    TRANSCRIPT OF WAIVER/PLEA
           BEFORE THE HONORABLE JOSEPH A. DICLERICO, JR.




Appearances:

For the Government:    Terry Ollila, AUSA
                       U.S. Attorney's Office
                       53 Pleasant Street
                       Concord, NH  03301

For the Defendant:     Paul J. Garrity, Esq.
                       14 Londonderry Road
                       Londonderry, NH  03053

Probation Officer:     Jodi Gauvin

Interpreter:           Jean Pepper

Court Reporter:        Diane M. Churas, LCR, CRR
                       Official Court Reporter
                       United States District Court
                       55 Pleasant Street
                       Concord, NH  03301
                       (603)225-1442
```

```
 1                    BEFORE THE COURT
 2           (Interpreter duly sworn.)
 3           THE CLERK:  The Court has before it for
 4   consideration this morning waiver of indictment, plea to
 5   information in Criminal Case 11-22-01-JD, United States
 6   of America versus Jose Reyes.
 7           Mr. Reyes, if you'd please stand and raise
 8   your right hand.
 9           (Defendant duly sworn.)
10           THE CLERK:  For the record, if you'd please
11   state your full name.
12           THE DEFENDANT:  Jose Reyes.
13           THE CLERK:  Thank you.  Please be seated.
14           THE COURT:  All right.  You may be seated.
15   Good morning.
16           ALL:  Good morning, your Honor.
17           THE COURT:  Mr. Reyes, the Court -- let me
18   begin first of all by addressing the interpreter.  If I
19   start speaking too quickly at any time so that you're
20   not able to keep up, then I want you to interrupt me and
21   let me know and then I will slow down.  Please don't
22   hesitate to do that because it's important that Mr.
23   Reyes understands everything that I am saying to him.
24   Thank you.
25           Mr. Reyes, I will be asking you a number of
```

1   questions over the next 25 or 30 minutes.  You've just
2   taken an oath, so you have an obligation to answer my
3   questions truthfully.  If you do not answer my questions
4   truthfully, you could be charged with perjury or with
5   making false statements and those statements could be
6   used against you.  It's in your interest to answer my
7   questions truthfully because it's my responsibility to
8   determine if you understand what you're doing this
9   morning and the consequences of what you're doing.  So
10  if you do not understand any of my questions, please let
11  me know, and if you want to talk to Mr. Garrity at any
12  time during our discussion, go right ahead and do so.
13  So that you and he and the interpreter can communicate
14  conveniently, you can all remain seated during our
15  discussion.
16           How old are you, Mr. Reyes?
17           THE DEFENDANT:  52.
18           THE COURT:  And how much education have you
19  had?
20           THE DEFENDANT:  I got my GED in the jail now.
21           THE COURT:  And what type of work do you do?
22  When you've been working, what type of work do you do?
23           THE DEFENDANT:  I worked in cleaning and
24  construction.
25           THE COURT:  Have you ever been treated by a

1   doctor or a hospital for any form of a mental illness or

2   mental disability?

3            THE DEFENDANT:  No.

4            THE COURT:  Do you have a drug or an alcohol

5   problem?

6            THE DEFENDANT:  Yes.

7            THE COURT:  Can you just tell me briefly about

8   that.

9            THE DEFENDANT:  I was involved in the use of

10  drugs and alcohol for several years.

11           THE COURT:  Have you ever received any

12  treatment or any counseling for that problem?

13           THE DEFENDANT:  Yes.  I was in a program.

14           THE COURT:  Right now are you under the

15  influence of any drugs or any alcohol?

16           THE DEFENDANT:  No.

17           THE COURT:  Are you taking any prescription

18  medication?

19           THE DEFENDANT:  Yes, sir.

20           THE COURT:  Can you tell me what that is.

21           THE DEFENDANT:  I'm taking something for my

22  problem with my prostate, I'm taking insulin for my

23  diabetes, and I'm taking a medicine for my high blood

24  pressure.  Also I'm taking some medicine for a stomach

25  ailment that I have.

5

1          THE COURT:  Now, it's the Court's
2  understanding that you intend to plead guilty to Counts
3  1, 2, 3, and 4 of a superseding information.  Count 1
4  charges you with conspiracy to distribute cocaine.
5          I might note that in the bracketed title of
6  Count 1 it mentions Oxcodone.  It's my understanding
7  that that should be struck.  Is that correct.
8          MS. OLLILA:  That's correct.  I apologize,
9  your Honor.
10         THE COURT:  That will be struck.
11         MR. GARRITY:  That was our understanding, too,
12 your Honor.
13         THE COURT:  And Counts 2, 3, and 4 charge you
14 with distributing cocaine on specific dates.  Do you
15 understand that these are felonies?
16         THE DEFENDANT:  Yes, sir.
17         THE COURT:  Because they are felonies you have
18 the right to have these matters presented to a grand
19 jury.  The grand jury consists of anywhere from 16 to 23
20 people and it would take at least 12 members of the
21 grand jury to return an indictment against you.  It's
22 the Court's understanding that you wish to give up your
23 right to have these matters presented to a grand jury
24 and instead proceed by information.  Is that correct?
25         THE DEFENDANT:  Yes, sir.

                                                                  6

```
 1              THE COURT:  And you give up that right freely
 2   and voluntarily?
 3              THE DEFENDANT:  Yes, sir.
 4              THE COURT:  Mr. Garrity, have you reviewed
 5   this right with your client?
 6              MR. GARRITY:  I have, your Honor.
 7              THE COURT:  Are you satisfied that he
 8   understands the right that he's giving up?
 9              MR. GARRITY:  I am, your Honor.
10              THE COURT:  And you did so with the assistance
11   of an interpreter; is that correct?
12              MR. GARRITY:  I did.
13              THE COURT:  The Court notes that Mr. Reyes has
14   signed a written waiver of indictment which the Court
15   will approve.  The Court finds that Mr. Reyes has
16   knowingly and voluntarily given up his right to have
17   these matters presented to a grand jury.
18              Now, the Court also has before it a document
19   entitled "Plea Agreement" and your signature appears on
20   the last page of that agreement.  Did you discuss and
21   review this agreement with Mr. Garrity?
22              THE DEFENDANT:  Yes, sir.
23              THE COURT:  And did you have the benefit of an
24   interpreter when you discussed and reviewed this
25   agreement with Mr. Garrity?
```

```
 1                THE DEFENDANT:  Yes, sir.
 2                THE COURT:  And were you satisfied with that
 3    interpreter?
 4                THE DEFENDANT:  Yes, sir.
 5                THE COURT:  Did Mr. Garrity explain the terms
 6    and conditions of this plea agreement to you?
 7                THE DEFENDANT:  Yes, sir.
 8                THE COURT:  And did you have the opportunity
 9    to ask him questions and have him answer those questions
10    for you?
11                THE DEFENDANT:  Yes, sir.
12                THE COURT:  Did you sign the agreement freely
13    and voluntarily?
14                THE DEFENDANT:  Yes, sir.
15                THE COURT:  Mr. Garrity, did you review this
16    agreement, as your client has indicated, with him and
17    with the assistance of an interpreter?
18                MR. GARRITY:  I did, your Honor.  Just so the
19    Court's aware, the agreement I had yesterday included
20    Oxcodone.  I read that to Mr. Reyes at the jail
21    yesterday with the assistance of Edwin Moscara, who was
22    the interpreter then.  This morning I read to him the
23    front page that talked about the cocaine as opposed to
24    the Oxycodone with the assistance of the interpreter
25    here in the courtroom.  But I didn't read the rest of
```

```
 1   the agreement to him this morning.  But that was all
 2   read to him yesterday by Mr. Moscara and myself.
 3             THE COURT:  In other words, you went through
 4   the entire agreement with him yesterday, and this
 5   morning you reviewed the changes relating to Oxcodone
 6   with him.
 7             MR. GARRITY:  I did, your Honor.
 8             THE COURT:  And in both instances you had the
 9   assistance of the interpreter?
10             MR. GARRITY:  I did, your Honor.
11             MS. OLLILA:  And, your Honor, if I could
12   perhaps put for the record, that the only change in the
13   plea agreement between what Attorney Garrity read to Mr.
14   Reyes yesterday and what your Honor has before you today
15   is that Oxcodone was removed, that word Oxcodone.  And
16   so every other word in the plea agreement remained the
17   same other than the omission of the term "Oxcodone."
18             THE COURT:  Everybody agrees with that?
19             MR. GARRITY:  That's correct.
20             THE COURT:  You agree, Mr. Reyes?
21             THE DEFENDANT:  Yes, sir.
22             THE COURT:  In your opinion, Mr. Garrity, does
23   Mr. Reyes understand the terms and conditions of this
24   agreement?
25             MR. GARRITY:  I believe he does, your Honor.
```

```
 1              THE COURT:  Now, as I stated a minute ago, Mr.
 2   Reyes, you intend to plead guilty to four counts of a
 3   superseding information, one which charges you with
 4   conspiracy to distribute cocaine and 2, 3, and 4 which
 5   charge you with distribution of cocaine.  Do you know
 6   what the maximum term of imprisonment is under the law
 7   for these offenses?
 8              THE DEFENDANT:  Yes, I think so.
 9              THE COURT:  Can you tell me what that is.
10              THE DEFENDANT:  20 years I think.
11              THE COURT:  That's correct, 20 years.  And you
12   could be fined up to a million dollars.  Do you
13   understand that?
14              THE DEFENDANT:  Yes, sir.
15              THE COURT:  Now, you are going to have to pay
16   a special assessment of $100 on each count which means a
17   total of $400.  Do you understand that?
18              THE DEFENDANT:  Yes, sir.
19              THE COURT:  And you could be subject to a term
20   of supervised release of at least three years and it
21   could be for as much as life.  Do you understand that?
22              THE DEFENDANT:  Yes, sir.
23              THE COURT:  Where were you born, Mr. Reyes?
24              THE DEFENDANT:  Puerto Rico.
25              THE COURT:  Puerto Rico.  All right.  If your
```

1   plea is accepted, the probation officer who's seated to
2   your right in the courtroom will prepare a Presentence
3   Investigation Report.  That report will contain
4   information about your background and about your
5   participation in these offenses.  When the report is
6   completed, you, your attorney, and the government's
7   attorney will receive a copy of the report.  If you have
8   any objections, you can try to work those objections out
9   with the probation officer.  If there are any objections
10  that you cannot work out, then the Court will resolve
11  those at your sentencing hearing after hearing from you
12  and the government.
13          When that process is completed, the Court then
14  determines what the guideline range is for your sentence
15  under the Sentencing Guidelines, which are advisory.
16  The Court then considers those guidelines and certain
17  statutory factors that it must consider in determining
18  what a reasonable sentence is for your case.
19          Now, under your agreement with the government
20  you have entered into what is referred to as a binding
21  agreement, and what that binding agreement says is that
22  the Court cannot impose a sentence of more than
23  151 months.  If the Court were to do so or indicated it
24  was going to do so, you would have the right to withdraw
25  your guilty plea.  Do you understand that?

```
 1              THE DEFENDANT:  Yes, sir.
 2              THE COURT:  If the Court accepted your
 3    agreement with the government and imposed a sentence of
 4    151 months or less than that, then do you understand you
 5    cannot withdraw your guilty plea?
 6              THE DEFENDANT:  Yes, your Honor, I understand.
 7              THE COURT:  So to put it another way, under
 8    your agreement with the government the Court could
 9    impose any sentence up to but not exceeding 151 months
10    and you could not withdraw your guilty plea.  Do you
11    understand?
12              THE DEFENDANT:  I understand, yes, sir.
13              THE COURT:  Now, Mr. Garrity, have you
14    reviewed the possible application of the guidelines and
15    the sentencing factors with Mr. Reyes?
16              MR. GARRITY:  I have, your Honor.
17              THE COURT:  Now, Mr. Garrity may have given
18    you an opinion or an estimate as to what the sentence
19    might be in this case.
20              THE DEFENDANT:  Yes, sir.
21              THE COURT:  With the understanding that it
22    cannot be more than 151 months.  If the sentence imposed
23    is different from what he told you his opinion was, do
24    you understand you cannot withdraw your guilty plea?
25              THE DEFENDANT:  I understand, yes, sir.
```

1          THE COURT:  And you're satisfied you had
2    enough time to discuss these matters with Mr. Garrity;
3    is that correct?
4          THE DEFENDANT:  Yes, sir.
5          THE COURT:  When an individual enters a plea
6    of guilty, he gives up some very important
7    constitutional rights.  You have a right to persist in a
8    plea of not guilty and to go to trial before a jury, a
9    petit jury, which would consist of 12 people.  At that
10   trial you would be represented by your attorney.  You
11   would have the opportunity to see, to hear, and to
12   question any witnesses that the government called to
13   testify against you.  You could subpoena witnesses on
14   your own behalf and present to the jury any defenses you
15   have to these charges.  During the course of the trial
16   the government could not call you and force you to
17   testify because you have a right against
18   self-incrimination.  In other words, you could testify
19   if you wanted to, but you could not be forced to
20   testify.  If you were convicted you could appeal that
21   conviction.
22         Do you understand that if you enter a plea of
23   guilty to these charges that you're going to give up
24   those important constitutional rights?
25         THE DEFENDANT:  Yes, sir, I understand.

1            THE COURT:  And you give up those rights
2    freely and voluntarily?
3            THE DEFENDANT:  Yes.
4            THE COURT:  In order for the government to
5    gain a conviction on each count, there are certain what
6    we refer to as material elements of the offense, of the
7    charge, that the government would have to prove to the
8    jury's satisfaction beyond a reasonable doubt.
9            Now, with respect to Count 1, which is the
10   conspiracy charge, the government would have to prove
11   four material elements.  A conspiracy -- what the word
12   "conspiracy" means is an agreement between two or more
13   people to break the law.  In this case an agreement
14   between two or more people to distribute cocaine.  And
15   when two or more people agree to break the law by
16   distributing cocaine, that in and of itself can
17   constitute a crime, does constitute a crime.
18           First of all, the government would have to
19   prove there was a conspiracy between two or more people
20   to commit the offense charged in Count 1, which is
21   distributing cocaine.  Secondly, the government would
22   have to prove that you joined that conspiracy knowing of
23   its existence and what its criminal object was, that is,
24   to distribute cocaine.  Thirdly, that you knowingly,
25   voluntarily, intentionally became a member of that

1   agreement, and fourth, that when you joined that illegal
2   agreement you intended to achieve its unlawful objective
3   of distributing cocaine.
4           A person acts knowingly when he acts
5   voluntarily and deliberately and not inadvertently or
6   mistakenly.  In other words, you must have been aware of
7   what you were doing.
8           Distribution of cocaine means either selling
9   it or giving it to another person or persons.
10          So keeping those elements in mind, I'm going
11  to ask you if you admit to the allegations contained in
12  Count 1 of the superseding information, which alleges
13  that beginning in or about June 2005 and continuing to
14  in or about March 2011 in the District of New Hampshire
15  and the District of Massachusetts Jose Reyes knowingly,
16  intentionally, and unlawfully agreed and conspired with
17  others, known and unknown, to distribute cocaine, a
18  controlled substance.  Do you admit to those
19  allegations?
20          THE DEFENDANT:  Yes, sir.
21          THE COURT:  Now, with respect to Counts 2, 3,
22  and 4 which charge you with distributing cocaine on
23  specific dates, the government, first of all, would have
24  to prove that you possessed the substance cocaine,
25  secondly, that you knew that it was cocaine, and

1    thirdly, that you knowingly distributed that controlled
2    substance.  That is, that you either gave it to somebody
3    else or sold it to somebody else and that you acted
4    knowingly.  Again, that you were aware of what you were
5    doing.  You didn't act mistakenly or inadvertently.  You
6    knew what the substance was and you knowingly
7    distributed it.  So keeping those elements in mind, I'm
8    going to ask you if you admit to the allegations in
9    these counts.
10            Count 2 alleges that on or about April 4th,
11   2010, in the District of New Hampshire, you knowingly,
12   intentionally, and unlawfully distributed cocaine.  Do
13   you admit to those allegations.
14            THE DEFENDANT:  Yes, I admit that.
15            THE COURT: Count 3 alleges that on or about
16   April 6, 2010, in the District of New Hampshire, you
17   knowingly distributed cocaine.  Do you admit to those
18   allegations?
19            THE DEFENDANT:  Yes, sir.
20            THE COURT:  And Count 4 alleges that on or
21   about April 20, 2010, in the District of New Hampshire,
22   you knowingly distributed cocaine.  Do you admit to
23   those allegations?
24            THE DEFENDANT:  Yes, I admit that.
25            THE COURT:  Now, on pages 3, 4, 5, and 6 of

1   the plea agreement, under the paragraph entitled
2   "offense conduct," are the facts as set forth that
3   relate to these offenses and your participation in these
4   offenses.  Now, as I understand from what you have said,
5   you have reviewed all of these facts with Mr. Garrity
6   and with the assistance of an interpreter.  Is that
7   correct?
8            THE DEFENDANT:  Yes.
9            THE COURT:  And do you understand that by
10  signing this plea agreement, you admit to the truth of
11  all of those facts.
12           THE DEFENDANT:  Yes, sir.
13           THE COURT:  Does the government have any
14  additional facts that it would like to bring to the
15  Court's attention at this time?
16           MS. OLLILA:  No.  Thank you very much, your
17  Honor.
18           THE COURT:  By entering these pleas of guilty
19  -- in your plea agreement you have agreed also to give
20  up your right to appeal your guilty plea and the
21  sentence except in certain limited circumstances.  If
22  the Court were to impose a sentence that was illegal or
23  that was above the agreement that you and the government
24  have made, that the sentence not exceed 151 months, you
25  could appeal, if the Court were to do that.  If there

1    are new legal principles which apply to your case, you
2    could appeal.  If your plea was not knowing and
3    voluntary or if your counsel was ineffective, you could
4    appeal.  But otherwise do you understand that you are
5    giving up your right to appeal your plea and sentence in
6    this matter?
7            THE DEFENDANT:  Yes, I understand.
8            THE COURT:  Other than the plea agreement that
9    you and the government have entered into, have you
10   entered into an agreement with anybody else in
11   connection with entering this guilty plea this morning?
12           THE DEFENDANT:  No.
13           THE COURT:  Has anybody said anything to you
14   or done anything to you to force you or to threaten you
15   into entering this guilty plea?
16           THE DEFENDANT:  No.
17           THE COURT:  Do you have any questions about
18   anything that I have said to you or asked you up to this
19   point in time?
20           THE DEFENDANT:  No, sir, I don't have any
21   questions.
22           THE COURT:  Court finds that Mr. Reyes is
23   fully competent and capable of entering an informed
24   plea.  He is aware of the charges against him.  He's
25   aware of the rights that he's giving up.  He's aware of

```
 1   the consequences that can follow.  His plea is knowing,
 2   it is voluntary, and it is supported by an independent
 3   basis in fact containing each of the essential elements
 4   of these offenses, and those facts are set forth in the
 5   plea agreement under the paragraph entitled "offense
 6   conduct."  Therefore, the Court will accept his plea at
 7   this time.
 8            Mr. Garrity, do you waive the reading of the
 9   counts?
10            MR. GARRITY:  We do, your Honor.
11            THE CLERK:  Mr. Reyes, if you would please
12   stand.  To the superseding information filed June 8,
13   2012, Count 1 charges you with conspiracy to distribute
14   cocaine, a violation of Title 21, United States Code,
15   Sections 841(a)(1) and 846, how do you plea as to Count
16   1?
17            THE DEFENDANT:  Guilty.
18            THE CLERK:  Counts 2, 3, and 4 charge you with
19   the distribution of cocaine, a violation of Title 21,
20   United States Code, Section 841(a)(1), how do you plea
21   as to Counts 2, 3, and 4?
22            THE DEFENDANT:  Guilty.
23            THE COURT:  The defendant is adjudged guilty
24   of these offenses, and sentencing is scheduled for
25   Thursday, September 13th, 2012, at 9:30 a.m.
```

     1          Did I go slowly for you?

     2          THE INTERPRETER:  Perfectly, your Honor.

     3          THE COURT:  Thank you for your assistance.

     4          (Adjourned at 10:20 a.m.)

     5              C E R T I F I C A T E

     6

     7          I, Diane M. Churas, do hereby certify that the

     8     foregoing transcript is a true and accurate

     9     transcription of the within proceedings, to the best of

    10     my knowledge, skill, ability and belief.

    11

    12                             _____
                                   **DIANE M. CHURAS, LCR, CM**
    13     Submitted: 6/18/12      LICENSED COURT REPORTER, NO. 16
                                   STATE OF NEW HAMPSHIRE
    14

    15

    16

    17

    18

    19

    20

    21

    22

    23

    24

    25