

U.S. Department of Justice

United States Attorney

District of New Hampshire

Federal Building  603/225-1552
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301

August 7, 2012

James Starr, Esquire, Clerk
United States District Court
District of New Hampshire
55 Pleasant Street
Concord, New Hampshire 03301

    Re:    *United States v. Reyes*
            No. 1:11-cr-22-01-JD

Dear Clerk Starr:

    Enclosed please find a copy of a letter addressed to Attorney Paul Garrity concerning the *United States v. Reyes* case. The letter informs Attorney Garrity of a defect in the plea agreement filed in that case with regard to the penalties section. As a result of the mistake, Mr. Reyes was not correctly informed of the penalties he faced as a result of pleading guilty to the charges in the superseding information.

    I am providing the court with a copy of the letter for the purpose of notifying the court that the colloquy with Mr. Reyes' at the June 8, 2012 change of plea hearing relied upon incorrect information in the plea agreement.

    Please feel free to contact me if the court has any questions on this matter.

                              Sincerely,

                              JOHN P. KACAVAS
                              United States Attorney

                              Donald Feith
                              First Assistant U.S. Attorney

DF/df
Enclosure



U.S. Department of Justice

United States Attorney
District of New Hampshire

Federal Building  603/225-1552
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301

August 7, 2012

Paul Garrity, Esquire
Garrity Law Office
14 Londonderry Road
Londonderry, New Hampshire 03053

    Re:    *United States v. Reyes*
            No. 1:11-cr-22-01-JD

Dear Attorney Garrity:

    I write to advise you of a defect in the June 8, 2012 plea agreement and, as a result, the change of plea colloquy in the above-referenced case. The defect relates to the plea agreement provided to your client and the court that did not take into account the effect a previously filed information under 21 U.S.C. § 851 had on the penalties your client faced. The case law in the First Circuit establishes that a previously filed notice under 21 U.S.C. § 851 remains in effect for subsequently filed charging documents. Accordingly, the penalties section of the plea agreement was incorrect as to the maximum term of incarceration, the amount of the fine, and the minimum mandatory period of supervised release.

    The purpose of § 851 is to put the defendant on notice that the government intends to seek a sentence enhancement and to provide an opportunity to defend against prior convictions, plan a trial strategy, or to plead guilty in light of the enhanced sentence. *United States v. Williams*, 59 F.3d 1180, 1185 (11th Cir. 1995). The First Circuit has expressly held that "the prosecution need not have filed a second § 851 notice after the second superseding indictment for the notice to be effective." *United States v. Dickerson*, 514 F.3d 60, 64 n. 4 (1st Cir. 2008).[1]

---

[1] *See also United States v. Lincoln*, 165 Fed. Appx. 275, 277 (4th Cir. 2006) ("we hold that the Government was not required to re-file its § 851 enhancement after it filed the second superseding indictment"); *United States v. Kamerud*, 326 F.3d 1008, 1014 (8th Cir. 2003) ("the government is not required to re-file a notice of enhanced sentence under 21 U.S.C. § 851 after the return of a superseding indictment"); *United States v. Mayfield*, 418 F.3d 1017, 1020 (9th Cir. 2005) ("In sum, filing the information and giving the section 851(a) notice before Mayfield's first trial obviated any need to re-file the information and re-give that notice before his second trial."); *United States v. Wright*, 932 F.2d 868, 882 (10th Cir. 1991) ("Under the circumstances

Paul Garrity, Esquire
August 7, 2012
Page Two


Accordingly, the previously filed § 851 notice in the *Reyes* case does effect the superseding information and the plea agreement was incorrect in advising the defendant and the Court as to the applicable penalties.

    Specifically, the plea agreement incorrectly listed the maximum term of incarceration as 20 years when in fact it is 30 years. The plea agreement listed the maximum fine in this case as $1,000,000 when in fact the maximum fine is $2,000,000. The plea agreement also incorrectly listed the minimum mandatory term of supervised release as three years when in fact it is six years. Because the plea agreement did not advise Mr. Reyes of the correct penalties, there is an issue as to whether his plea was knowingly, intelligently and voluntarily made.

    The mistake will also affect the career offender calculation. Under U.S.S.G. § 4B1.5(a)(1)(B)(ii), the base offense level is 34, not 32.

    Please advise our office how your client wishes to proceed. I am copying the court on this letter to apprize it of the mistake in the plea agreement.

    Sincerely,

    JOHN P. KACAVAS
    United States Attorney

    Donald Feith
    First Assistant U.S. Attorney


DF/df
cc:    Honorable Joseph DiClerico, United States District Judge ✓
    United States Probation & Pretrial Services
    Reyes file

---

of this case, we hold that the filing of the information after the initial indictment was sufficient."); *Thompson*, 473 F.3d 1137 at 1144-1147 (Although the government filed additional charges in the superseding indictment, the court still held that information filed pursuant to the first indictment was sufficient to fulfill § 851(a) notice requirement).