# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | No.  1:11-cr-22-JD |
| | ) | |
| **JOSE REYES** | ) | |

## OBJECTION TO MOTION TO CONTINUE SENTENCING

The United States of America, by John P. Kacavas, United States Attorney for the District of New Hampshire, objects to the defendant's motion to continue the September 13, 2012 sentencing in this case.  In support of its objection, the United States avers:

The defendant was originally charged by a grand jury for the District of New Hampshire on February 16, 2011.  The defendant was arrested on the charges set forth in the indictment on May 16, 2011 and temporarily detained.  On May 19, 2011, the defendant stipulated to detention.  He has been detained since that time.

The defendant seeks a continuance on the grounds that he would like to participate in the Therapeutic Community ("TC") program offered at the Strafford County House of Corrections ("SCHC").  The defendant offers no explanation as to why he has waited until the eve of sentencing to apply to participate in the TC program.  The court should deny Reyes' motion.

The TC program is known to be a highly effective program for the treatment of drug abuse and addiction.  The demand for the program typically exceeds the available spaces.  The limited availability of treatment spaces relative to the number of individuals seeking treatment is also reflected in the official description of the program:  Due to the demand for the program, there is generally a waiting list.  <u>In-House Therapeutic Communities</u>, Strafford County House of Corrections website, found at *www.co.strafford.nh.us/jail/therapeutic_comm.html*.

The professional staff at the SCHC triage the wait list.  In managing the wait list, the staff considers, among other things facility behavior and information derived from assessments and a formal application.  One of the factors to which the professionals attach the most weight in assessing the relative suitability of a TC applicant is whether applicant is likely to be moved to a less restrictive environment after completing the ninety day TC program.

The TC program, according to its official description, is intended principally not for persons who – like the defendant – will be serving significant prison terms, but "[t]o provide intensive substance abuse treatment and behavior modification <u>to prepare offenders for release into community based treatment or into an intermediate sanction</u> such as" the county drug court, the county academy of the county's community corrections program. <u>Id.</u> (emphasis added

Traditionally, the SCHC staff gives priority for admission to the TC program to federal detainees with recommendations for treatment over other applicants for treatment who have not received judicial recommendations.  A judicial recommendation therefore creates the potential that the recommended detainee will be admitted to the program ahead of other, more suitable, applicants.

In this case, absent a judicial recommendation which has not been requested by the defendant, the defendant would not be a priority candidate for one of the limited spaces in the TC program.  He is not expected to be released to the community or into an intermediate sanction program such as a drug court or community corrections program.  The defendant, who is facing a substantial period of incarceration, should not be allowed to displace other, possibly more suitable candidates.

The defendant will likely be able to avail himself, if he chooses, of the post-conviction drug treatment programs offered by the federal Bureau of Prisons (and, by doing so, may even qualify for a sentence reduction of up to one year under 18 U.S.C. §3621(e)(2)(B)).

The defendant is a career offender.  His sentence will be determined by the court after the court makes its finding with respect to the quantity of cocaine assignable to the defendant.  The government intends to prove, using the most conservative calculations that are reasonably based on the evidence, that the quantity of cocaine assignable to the defendant is more than 500 grams but less than 5 kilograms of cocaine.  Under the current posture of this case, should the court accept the government's method for calculating the drug quantity, the defendant will be facing a statutory mandatory minimum sentence of 10 years and a statutory maximum sentence of 30 years.  The plea agreement in this case permits the defendant to withdraw his plea if the court were to sentence him to more than 151 months.  Accordingly, the government will be recommending a sentence of 151 months.

In light of the period of incarceration the defendant is potentially facing, participation in the TC program would not be warranted.  Accordingly, the defendant's motion to continue should be denied.

Respectfully submitted,

JOHN P. KACAVAS
United States Attorney

/s/ Donald Feith
First Assistant U.S. Attorney
New Hampshire Bar # 783
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301
Donald.Feith@usdoj.gov

## **CERTIFICATION**

    I hereby certify that a copy of this objection was served electronically, though ECF, on Paul J. Garrity, Esquire, 14 Londonderry Road, Londonderry, New Hampshire, 03503, counsel for Jose Reyes, on August 31, 2012.

/s/ Donald Feith
First Assistant U.S. Attorney
