UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:11-cr-22-JD |
| | ) | |
| JOSE REYES | ) | |

## OBJECTION TO MOTION TO CONTINUE SENTENCING

The United States of America, by John P. Kacavas, United States Attorney for the District of New Hampshire, objects to the defendant's motion to continue the September 13, 2012 sentencing in this case. In support of its objection, the United States avers:

Reyes seeks a 60 day continuance to investigate whether one of his predicate convictions is somehow challengeable based upon recent newspaper stories concerning improprieties at the William A. Hinton State Laboratory located in Jamaica Plain, Boston, Massachusetts. According to allegations set forth in numerous press reports, a chemist hired by the laboratory in 2003 may have been involved with the mishandling of drug evidence. Those same reports indicate that investigators believe any improprieties at the facility are limited to those involving the single chemist under investigation.

The United States objects to the defendant's request for a continuance. The defendant's predicate convictions are identified at ¶¶ 41 and 42 of the presentence investigation report. Those convictions involve an arrest in 1998 and disposition in 1999 in the Roxbury District Court, ¶ 41, and an arrest in 2001 and disposition in 2004 in the Suffolk County Superior Court. The investigations and arrests in these cases all pre-date the 2003 hiring date of the target chemist identified in the media. Moreover, given the scope of the investigation described in the media, it is unlikely that there will be any significant findings made during the next 60 days.

Reyes also has another remedy. Should the investigation of the Hinton laboratory reveal evidence relating to Reyes' status as a career offender, he can seek relief through 28 U.S.C. § 2255. The United States will forego any argument that Reyes should have brought his claim relating to the career offender predicates to the attention of the district court at the time of sentencing. Should the authorities investigating the allegations of improprieties at the Hinton laboratory find credible evidence that establishes that Reyes was improperly convicted of one of his predicate offenses, and should that predicate offense conviction be vacated, Reyes can then seek relief from this court. However, granting a continuance at this time based on speculation over events that appear to have occurred after the date of Reyes' arrests and, in one case, after the date of his conviction is not warranted.

Respectfully submitted,

JOHN P. KACAVAS
United States Attorney

/s/ Donald Feith
First Assistant U.S. Attorney
New Hampshire Bar # 783
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301
Donald.Feith@usdoj.gov

**CERTIFICATION**

I hereby certify that a copy of this objection was served electronically, though ECF, on Paul J. Garrity, Esquire, 14 Londonderry Road, Londonderry, New Hampshire, 03503, counsel for Jose Reyes, on September 5, 2012.

/s/ Donald Feith
First Assistant U.S. Attorney