**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| **v.** | **)** | **Dkt. No. 1:11-CR-00022-01-JD** |
| | **)** | |
| **JOSE M. REYES** | **)** | |

**DEFENDANT JOSE M. REYES'S SENTENCING MEMORANDUM**

Pursuant to Fed. R. Cr. P. 32 and Loc. R. Cr. P. 32.1, the defendant, through counsel, submits this memorandum in support of the Court's acceptance of the binding stipulation in the plea agreement that the defendant "not be sentenced to a term of imprisonment greater than one hundred and fifty-one (151) months." As the Court is aware from the revised presentence report (PSR), the defendant differs markedly from the probation officer's recommended application of the Guidelines, and less so but still significantly from the government's interpretation of same. In what follows, the defendant will concisely reiterate the objections he filed to the PSR with the probation officer. The defendant will address how his interpretation of the Guidelines and applicable law distinguishes itself from that of both the probation officer and the government. The defendant will then cite a host of individualized considerations from both his personal history and the offense itself which would justify a variance, if deemed needed, from the guideline range the Court ultimately finds. In the final analysis, the defendant contends that once the Court fully considers all of these factors, it will conclude that a sentence not exceeding 151 months will serve the statutory purposes of sentencing in 18 U.S.C. § 3553(a)(2)(A-D).

**Reiterated Objections to PSR and Position on § 851 Enhancement**

The defendant wishes to incorporate herein by reference the objections he filed to the PSR with the probation officer.

The defendant has three essential objections to the PSR. The first is the amount of drugs, *i.e.*, between five and 15 kilograms of cocaine, the probation officer attributes to the defendant. As indicated in ¶ 19 of the PSR, only a total of 51.86 grams were either transacted by the defendant or his confederates or was seized pursuant to search warrants; the rest represents historical quantities based on statements cooperating individuals gave to the government. The

defendant asserts that there exist credibility and other issues with these cooperating individuals which can only be assessed by their testimony at sentencing. The government bears the burden of proof in such matters. Counsel for the government has advised that none of these cooperating individuals will testify at said hearing.

The second objection is to the probation officer's conclusion that the defendant played an aggravating role, resulting in a two-offense level increase, in the conspiracy. The defendant submits that insufficient evidence exists to establish such an enhancement. Rather, the evidence suggests that Ciade Carvajal, Angel Perez, and the defendant were equal co-workers with others and were subservient to yet others who supplied them with drugs who also reaped the bulk of the profits. Again, the government bears the burden of proof on this issue, and counsel for the government has indicated that he will not pursue the adjustment.

The third objection, related in the one footnote in the objection letter, is that, notwithstanding the First Circuit holding in *Dickerson*, the government, by virtue of the terms of the plea agreement and certain positions taken it took at various court hearings, effectively revoked the notice for sentencing enhancement under 21 U.S.C. § 851.

**Probation Officer Position**

The defendant's position on the application of the Guidelines could not be much farther from the probation officer's position. First, the probation officer has recommended that the drug quantity attributable to the defendant is between five and 15 kilograms of cocaine. Second, the probation officer recommends an aggravating role adjustment on the defendant.[1] Third, the probation officer has found the defendant to be a career offender, a recommendation the defendant does not contest. Third, the probation officer considers the § 851 sentencing enhancement valid. The upshot of these recommended findings is that the recommended advisory guideline range (AGR) is a startling *360 months.*[2]

It is instructive to review how the probation officer arrives at this conclusion. First, notwithstanding the notice of a maximum sentence to the defendant of 20 years in both the plea agreement and Rule 11 proceedings, the probation officer takes the position that the maximum sentence is 30 years. This is based on the § 851 sentencing enhancement found in 21 U.S.C. §

[1] Because the defendant is a career offender, the enhancement attached thereto renders application of the aggravating role adjustment moot.

[2] This is an example of the result when a defendant is both a career offender and the government seeks a sentencing enhancement under § 851.

841(b)(1)(C), the statute which otherwise reflects a 20-year maximum sentence. Second, due to the probation officer's recommended finding of between five and 15 kilograms of cocaine attributable to the defendant, the offense level is enhanced under the career offender guideline to 34.[3] Third, and most remarkably, based on the § 851 enhancement under 21 U.S.C. § 841(b)(1)(A) in light of the defendant's two prior drug convictions, the statutory penalty becomes mandatory life imprisonment which is ameliorated to a mandatory minimum 30 years imprisonment because of *Apprendi* considerations. Hence, the probation officer concludes that notwithstanding the otherwise applicable AGR of 210 to 262 months, a 360-month sentence must be imposed.

One can only stand back from this and gasp. One must remember that, apart from the claimed historical quantities of cocaine attributable to the defendant, only 51.86 grams were actually transacted or seized. Clearly, the defendant believes the probation officer's recommended findings to be far off base. In contrast, the defendant contends that the twenty year maximum sentence applies; that, for reasons previously cited, the § 851 enhancement was effectively revoked; that the resulting career offender enhancement under U.S.S.G. § 4B1.1(b) should be to offense level 32, not 34; and that the resulting AGR, after application of the acceptance of responsibility adjustment, should be either 168 to 210 months or 151 to 188 months.[4]

**Government Position**

The government's position on the disputed issues may be summarized as follows. First, the government contends that the quantity of cocaine attributable to the defendant is more than 500 grams but less than two kilograms which, initially, carries a penalty of from a minimum mandatory five years to 40 years. Second, since the defendant is a career offender, his offense level is enhanced to 34 and his CHC VI under U.S.S.G. § 841(b)(1)(B); after application of a two-level adjustment for acceptance of responsibility, the resulting offense level becomes 32 and the AGR 210 to 262 months. Third, the government maintains that the § 851 enhancement under *Dickerson* remains valid; the implication of this is that the enhanced penalty provision under 21 U.S.C. § 841(b)(1)(B) is a minimum mandatory 10 years. Accordingly, if the Court adopts the government's position, then the defendant must be sentenced to at least 10 years imprisonment.

[3] The defendant's criminal history category (CHC) is also enhanced to VI from III.

[4] The former is based on an AGR of 30, a CHC VI, and a two-level reduction for acceptance of responsibility. The latter is based on an AGR of 29, a CHC VI, and a three-level reduction for acceptance of responsibility.

Again, the government's position is not nearly as extreme as that of the probation officer. While the defendant takes very different positions on the key issues here which the defendant urges the Court to adopt, the government's position presumably remains, notwithstanding the AGR it recommends, that a sentence of 151 months imprisonment should be imposed by the Court. To the extent that the Court needs to vary from the AGR ultimately found, the defendant offers a number of grounds in the next section for the Court's consideration.

**Potential Grounds for a Variance**

The defendant contends that a number of factors from the defendant's personal history and the offense, when considered together, constitute grounds for the Court to vary, if so necessary, from the AGR it finds. Those grounds, found in the PSR, follow.

- *The defendant suffered from an extraordinarily troubled upbringing.* As detailed in ¶ 51 of the PSR, both of the defendant's parents were addicted to drugs and alcohol, and the defendant was subject to both neglect and physical abuse. Moreover, between the ages of 11 and 15, his parents forced him into prostitution in order for them to obtain drugs and money. The defendant left the parental home at age 15 to live with friends.
- *The defendant developed significant substance abuse issues himself.* As recounted in ¶ 56 of the PSR, and not surprisingly, the defendant began consuming alcoholic beverages when he was 15 or 16, and began snorting cocaine at 17. His abuse of these substances and marijuana became markedly worse in adulthood and has plagued him for many years. It has been behind his previous drug convictions and the instant matter. His one treatment attempt in 1998 had initial but not long-term success.
- *The defendant is now 53 and suffers from a plethora of health issues.* As noted in ¶ 54 of the PSR, the defendant has had a number of surgical procedures and is currently being treated for "prostate problems, diabetes, high blood pressure, high cholesterol, asthma, GERD, and ulcers."
- *The defendant's arrest for his two predicate drug convictions are more than ten years old, and one involved a very small quantity of drugs.* His arrest for the first predicate, recounted in § 40 of the PSR, occurred on November 4, 1998, nearly fourteen years ago. His arrest for the second occurred on November 9, 2001,

more than ten years ago. Moreover, the latter involved a small amount of drugs, *i.e.*, 14 grams or less of heroin.

- *The defendant's associates in the instant matter received lenient sentences from state court.* As indicated in ¶ 18 of the PSR, the defendant's two main associates in the instant matter, Ciade Carvajal and Angel Perez, had their cases adjudicated in state court, and each received a twelve month term of imprisonment.
- *The defendant has begun the process of turning his life around.* While detained at the Strafford County House of Correction, and at the age of 52, the defendant obtained his GED. He has taken computer, life skills, and English as a second language courses. (PSR, ¶ 57). He has participated in A.A. meetings there and seeks to participate in the 500-hour substance abuse and treatment program offered by the Bureau of Prisons (BOP). (PSR, ¶ 56). These developments, together with his statement to the Court dated July 11, 2012, suggest strongly that the defendant wants to put his past life behind him and build for a better future.

**Conclusion and Recommendation**

It is the defendant's position that the quantity of cocaine attributable to him in this case is less than 500 grams, therewith invoking the penalty provisions of 21 U.S.C. § 841(b)(1)(C), *i.e.*, a maximum of 20 years imprisonment as rendered in the plea agreement. The defendant further contends that the § 841 sentencing enhancement was effectively revoked by the government by virtue of the terms of the plea agreement and certain positions taken by the government during various court hearings. The defendant acknowledges that he is a career offender but maintains that the offense level should be enhanced to 32, rather than the 34 claimed by both the probation officer and government, on the basis of the 20 year maximum penalty recounted above. The defendant further asserts that the resulting AGR of either 168 to 210 months or 151 to 188 months should be found by the Court. Under these circumstances, there would be no minimum mandatory term of imprisonment the defendant would be subject to.

In determining a sentence which is sufficient but not greater than necessary to comply with the purposes of sentencing found at 18 U.S.C. § 3553(a)(2)(A-D), the defendant wishes to offer an analysis of those factors.

*(A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.*

There is no question that a sentence of imprisonment is required to meet this purpose. The question becomes: How long? While the guidelines suggest a sentence of more than 12 years imprisonment, this is excessive, especially in light of the several variance factors the defendant has outlined above. Is it just, ultimately, that the defendant receive such a punishment when two of his confederates, whose cases were adjudicated in the state court system, received but one year's imprisonment?

*(B) To afford adequate deterrence to criminal conduct.*

The defendant submits that a significant term of imprisonment will serve to deter others from so acting. The defendant himself, now 53 and in poor health, will also be deterred from future criminal conduct because prison will not be a place he will want to be as he ages.

*(C) To protect the public from further crimes of the defendant.*

When the defendant is released to the community, he will be subject to years of close supervision by the U.S. Probation Office. This supervision will presumably include strictly enforced drug and alcohol testing and treatment. Under these circumstances, the public will be reasonably protected from further crimes of the defendant.

*(D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.*

It is clear that the primary correctional treatment the defendant is in need of is to address his substance abuse issues. The defendant does wish to participate in BOP's 500-hour substance abuse and treatment program and hopes the Court will recommend same. Such treatment should be continued in the form of the special substance abuse aftercare program as a special condition of supervised release.

On the basis of the foregoing, the defendant respectfully requests that the Court accept the terms of the plea agreement and impose the following sentence:

- A term of imprisonment of eighty-four (84) months;[5]

[5] In the event the Court rules for the government on the drug quantity and § 851 issues, the defendant would request a term of 120 months' imprisonment.

- A judicial recommendation to BOP for the defendant's participation in the intensive substance abuse treatment and education program (RDAP);
- A term of supervised release of three (3) years;
- The special substance abuse aftercare special condition of supervised release;
- Waiver of a fine due to inability to pay same.

Respectfully submitted,
Jose M. Reyes
By his attorney,

**Dated:** September 7, 2012

_/S/Paul J. Garrity_______
Paul J. Garrity
Federal I.D. # **555976**
14 Londonderry Road
Londonderry, NH 03053
603-434-4106
garritylaw@myfairpoint.com

CERTIFICATE OF SERVICE

I, Paul J. Garrity, do hereby certify that on the 7th day of September, 2012, a copy of this Memorandum was e-filed to Donald A Feith, AUSA and Jodi L. Gauvin, USPO and a copy of the within Memorandum was mailed to Jose M. Reyes.

/S/Paul J. Garrity_________________
Paul J. Garrity