UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:11-cr-22-JD |
| ) | |
| JOSE REYES ) | |

### OBJECTION TO MOTION TO CONTINUE SENTENCING

The United States of America, by John P. Kacavas, United States Attorney for the District of New Hampshire, objects to the defendant's motion to continue the January 9, 2013 sentencing in this case. In support of its objection, the United States avers:

Reyes seeks an additional 30 day continuance[1] to continue to investigate whether one of his predicate convictions is somehow challengeable based upon alleged improprieties at the William A. Hinton State Laboratory located in Jamaica Plain, Boston, Massachusetts. According to allegations set forth in numerous press reports, a chemist hired by the laboratory in 2003 may have been involved with the mishandling of drug evidence. Those same reports indicate that investigators believe any improprieties at the facility are limited to those involving the single chemist under investigation.

The United States objects to the defendant's request for an additional continuance. The defendant's predicate convictions are identified at ¶¶ 41 and 42 of the presentence investigation report. Those convictions involve an arrest in 1998 and disposition in 1999 in the Roxbury District Court, ¶ 41, and an arrest in 2001 and disposition in 2004 in the Suffolk County Superior Court.

---

[1] The government assented to continuances on October 29, 2012 (DE 62) and November 30, 2012 in order to allow the defendant time to investigate his prior convictions and any impact the allegations concerning improprieties at the Hinton Laboratory may have on those convictions.

1

The undersigned counsel has searched the name "Reyes" on a DVD provided by the Federal Defender's Office and that contains a number of spreadsheets listing the cases handled by the chemist alleged to have engaged in improprieties involving drug analysis. The defendant was excluded from all of the listings based upon the date of analysis or based upon the county handling the case. In an abundance of caution, on October 26, 2012, the undersigned sent counsel for the defendant information on a single docket entry that was close in time to Mr. Reyes' 2004 conviction. However, that information indicated that arresting agency was the Lawrence Police Department. The City of Lawrence is not within Suffolk County, so it is unlikely that the 2004 test information relates to the defendant.

Reyes also has another remedy. Should the investigation of the Hinton laboratory reveal evidence relating to Reyes' status as a career offender, he can seek relief through 28 U.S.C. § 2255. The United States will forego any argument that Reyes should have brought his claim relating to the career offender predicates to the attention of the district court at the time of sentencing. Should the authorities investigating the allegations of improprieties at the Hinton laboratory find credible evidence that establishes that Reyes was improperly convicted of one of his predicate offenses, and should that predicate offense conviction be vacated, Reyes can then seek relief from this court.

    Respectfully submitted,

    JOHN P. KACAVAS
    United States Attorney

    /s/ Donald Feith
    First Assistant U.S. Attorney
    New Hampshire Bar # 783
    53 Pleasant Street, 4th Floor
    Concord, New Hampshire 03301
    Donald.Feith@usdoj.gov

## **CERTIFICATION**

      I hereby certify that a copy of this objection was served electronically, though ECF, on Paul J. Garrity, Esquire, 14 Londonderry Road, Londonderry, New Hampshire, 03503, counsel for Jose Reyes, on January 8, 2013.

                                                /s/ Donald Feith
                                                First Assistant U.S. Attorney