UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

U.S. DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

FEB 12 2013

FILED

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:11-cr-22-JD |
| ) | |
| JOSE REYES ) | |

## AMENDMENT TO JUNE 8, 2012 PLEA AGREEMENT CLARIFYING PENALTIES

The United States of America, by John P. Kacavas, United States Attorney for the District of New Hampshire, and the defendant, Jose Reyes, through his counsel Paul Garrity, Esquire, hereby enter into the following amendment to the June 8, 2012 plea agreement in this case for the purpose of clarifying the penalties facing the defendant.

The parties will be requesting the court to determine a drug quantity of cocaine that is attributable to the defendant. If the court finds that the defendant is liable for less than 500 grams of cocaine, the following penalties apply:

A. A maximum prison term of 20 years;

B. A maximum fine of one million dollars (21 U.S.C. 841(b)(1)(C); and

C. A term of supervised release of not less than three years and not more than life. The defendant understands that the defendant's failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the defendant to serve in prison all or part of the term of supervised release, with no credit for time already spent on supervised release (18 U.S.C. §3583).

If the court finds that the defendant is liable for 500 grams or more of cocaine but less than two kilograms of cocaine, the following penalties apply:

A. A minimum mandatory sentence of five years and a maximum prison term of 20 years;

B.   A maximum fine of one million dollars (21 U.S.C. 841(b)(1)(C); and

C.   A term of supervised release of not less than four years and not more than life. The defendant understands that the defendant's failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the defendant to serve in prison all or part of the term of supervised release, with no credit for time already spent on supervised release (18 U.S.C. §3583).

All other provisions of the June 8, 2012 plea agreement remain in full force and effect.

JOHN P. KACAVAS
United States Attorney

Donald Feith
Assistant U.S. Attorney

The defendant, Jose Reyes certifies that he has had this two page Amendment to the Plea Agreement translated into Spanish, has reviewed it fully with his counsel, and that he fully understands and accepts its terms.

Date: 2-12-13

Jose Reyes, Defendant

I have had translated into Spanish and explained this two page Amendment to the Plea Agreement to the defendant, and he has advised me that he understands and accepts its terms.

Date: 2-12-13

Paul Garrity, Esquire
Attorney for Jose Reyes

I _____, have translated this two page Amendment to Plea Agreement from English to Spanish for the defendant, Jose Reyes, and I hereby certify that I have translated it faithfully and accurately to the best of my knowledge, skill and ability, as I am competent to render such translation.

Date: 2/12/2013

Interpreter